### WILLIAM H. FOGLER

*vs.*

### CHARLES S. MARSTON and RALPH R. ULMER, TRUSTEE.

Knox.     Opinion June 11, 1891.

*Insolvent Law.     Sale of property in dispute.     Assignee.     Trustee Process.     R. S., c. 70, §§ 36, 37.*

The assignee of an insolvent debtor, representing that there were different claimants of certain personal property found in the possession of such

debtor, obtained leave to sell the same on common account, by proceedings under R. S., c. 70, § 36. A portion of the proceeds of the sale belonged to a person other than the insolvent debtor. *Held*: That such portion was attachable in the hands of the assignee as trustee of the owner thereof, by trustee action against such owner instituted within the sixty days allowed by R. S., c. 70, § 37, for the assertion of any claim in such case against an assignee by suit.

ON EXCEPTIONS.

Trustee process. The presiding justice ruled *pro forma* that, upon the facts alleged in his disclosure, the trustee should be discharged. The plaintiff excepted to this ruling.

The case is stated in the opinion.

*W. H. Fogler,* for plaintiff.

This suit was commenced within the time limited by the statute. It is true, it is not commenced by the claimant himself; but it is brought by his creditor, who, by his attachment, succeeds to the rights of the claimant. The plaintiff and the trustee became adverse parties, the same as the principal defendant and the trustee would have been had the suit been between them. *Dennison* v. *Benner*, 36 Maine, 227; *Webster* v. *Adams*, 58 Maine, 317.

The principal defendant was personally served with process. He is bound by the judgment in this suit. If he had commenced suit against the trustee, within the sixty days, it would have been of no effect, as his action would have been continued, to await the disclosure and judgment in this suit; and, unless there should be a balance left in the hands of the trustee, after satisfying the judgment in this suit, he would fail in his suit and be liable for costs. R. S., c. 86, § 56; *Ladd* v. *Jacobs*, 64 Maine, 347.

It could not have been the intention of the legislature to put it within the power of a debtor to defeat an attachment of his property by a creditor by his own refusal or neglect to bring an action in his own behalf, especially when an action, if commenced, would be of no avail to himself, and would only result in useless expense, and subject him to costs. An attachment of the funds in the hands of the assignee by a creditor of the claimant, in a suit commenced within the time limited against the

claimant as principal defendant, and against the assignee as trustee, is a compliance with the statute referred to.

*J. O. Robinson and J. F. Libby*, for defendant.

Claimant must assert his rights, under § 37, by euit against the assignee, not by trustee process. Tort, and not trustee process, is the appropriate action when the principal defendant's right vests in a claim for unliquidated damages. Marston might waive the tort and sue in assumpsit; his creditor has no such election.

Trustee must be discharged because, as appears by his disclosure, Marston's estate is in insolvency in Massachusetts, and the title of his estate in his assignee there, who alone could recover this property. These facts are conclusive upon the plaintiff. *Fay* v. *Sears*, 111 Mass. 154, and cases cited.

PETERS, C. J.    The trustee in this case is the assignee of W. T. Robinson's estate in insolvency.    Among the possessions of the insolvent were nine hundred and nineteen pairs of pants which he had manufactured for Charles S. Marston, the principal defendant, there being due the insolvent the sum of two hundred and fifty-nine dollars for manufacturing the same, for which sum he had a lien thereon.

The assignee (alleged trustee) regarding the property as in dispute among different claimants asked for an order of sale under the authority of section 36 of chapter 70 of the Revised Statutes, and license having been given him by the court of insolvency, after observing all the formalities required by the section, he sold the goods at public auction for the sum of four hundred and sixty dollars. Deducting the lien claim and costs of sale (thirty dollars) from the proceeds of sale left one hundred and eighty-one dollars in the trustee's hands belonging to the defendant Marston. Thereupon the sum was trusteed by the plaintiff in this action against Marston.

The question is on the liability of the trustee. The objection urged against the liability of the trustee is that section thirty-seven of the chapter before cited provides that any claimant of

such funds in an assignee's hands, shall sue him for them within sixty days from the date of the order of sale, or be precluded ever after from maintaining any action either at law or in equity for their recovery; the trustee contending that, inasmuch as no action by the principal defendant has been instituted within that time, the right of claim has been lost. Bringing an action is not, as seems to be argued, a condition upon which a claimant's title depends. An action does not produce the cause of action. A claimant in such case has the title and a right of action. He is limited to a certain time within which he must assert his title or lose it. Here the plaintiff asserts the claim for him, and is entitled to the same right to the fund, the defendant having submitted to a default, that the defendant had. The plaintiff stands himself in the attitude of claimant, bringing his action seasonably, in which any defense can be set up that the trustee would have been entitled to in an action against him by the defendant himself. The claim is to be made by any one entitled. The plaintiff is legally entitled. If not, the fund will be retained, through accidental title, by those who never set up any claim to it. The object of the statute is that all questions of title may be expeditiously settled. That may be attained as well by this action as any. The attaching creditor in a trustee suit has all the right to protect and recover the fund attached that the owner would have were he pursuing his claim in his own name. The plaintiff becomes a substituted owner. *Sawyer* v. *Sawyer*, 74 Maine, 580; *Holt* v. *Libbey*, 80 Maine, 329.

The briefs of counsel seem to conflict in their understanding of the facts of the case in respects other than upon the question which has received our attention, and as the Judge ruled, simply on the facts alleged (not proved) by the plaintiff, that the trustee should not be charged, the case should be remanded for further proceedings.

*Exceptions sustained.*

WALTON, VIRGIN, LIBBEY, HASKELL and WHITEHOUSE, JJ., concurred.